IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **CIVIL ACTION NO. 5:15-CV-350 (MTT)** |
| **LISA MARGARET RAY BROPHY,** *et al.,* ) ) | |
| Defendants. ) ) | |

### ORDER

On September 10, 2015, Plaintiff Minnesota Life Insurance Company filed its complaint in interpleader pursuant to 28 U.S.C. § 1335 "to determine the correct recipient of a $25,000 death benefit payable under a group life insurance policy due to the death of Margie Lowery ('the Insured')." (Doc. 1 at 1). On September 16, 2015, the Court granted Minnesota's motion to deposit funds (Docs. 8; 11), and Minnesota paid the proceeds into the registry of the Court on October 14, 2015.

Minnesota has filed a consent[1] motion for discharge from further liability, permanent injunction, and dismissal as a party to the action with prejudice. (Doc. 22). With regard to Minnesota's request for discharge, the Court agrees that Minnesota has fulfilled its obligations by depositing the funds into the registry of the Court. Accordingly, the motion for discharge is **GRANTED**. Minnesota is **DISMISSED with prejudice** as a party in this action. Because the Court is retaining jurisdiction over this case and not

---

[1] Each Defendant, with the exception of McCullough Funeral Home, Inc. who has not answered the complaint, has consented to this motion.

disbursing the funds, a permanent injunction pursuant to 28 U.S.C. § 2361[2] would not be appropriate at this time.  Accordingly, Minnesota's motion for a permanent injunction is **DENIED**.

    **SO ORDERED,** this 22nd day of February, 2016.

                              S/ Marc T. Treadwell
                              MARC T. TREADWELL, JUDGE
                              UNITED STATES DISTRICT COURT

---

[2] "In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."  28 U.S.C. § 2361.